UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:14-CV-13-EBA

MARIE LYNN KILGORE,                                                                    PLAINTIFF,

V.                          **MEMORANDUM OPINION
                                    AND ORDER**

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,                         DEFENDANT.

## I. INTRODUCTION

Plaintiff, Marie Lynn Kilgore, brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final decision denying her application for Supplemental Security Income (SSI) and Disability Insurance Benefits. [Record No. 1]. This matter has been referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c). [Record No. 12]. Now ripe for decision on the parties' cross-motions for summary judgment, and for the reasons set forth herein, the Plaintiff's Motion for Summary Judgment [Record No. 15] shall be denied, the Defendant's Motion for Summary Judgment [Record No. 16] shall be granted, and Judgment shall be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On November 22, 2010, the Plaintiff filed an application for supplemental security income and disability insurance benefits. [Tr. 144-45]. In this application, the Plaintiff alleged disability since November 13, 2010. Id. In her Disability Report, Form SSA-3368, the Plaintiff claimed her

1

work ability was limited due to right knee, back and neck pain as well as depression. [Tr. 172]. Her claim was denied initially [Tr. 55-64], and again on reconsideration [Tr. 65-82]. After denial of her claim, Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). [Tr. 108-109].

On August 23, 2012, a hearing was held before Administrative Law Judge Toby Buel. [Tr. 27-54]. The Plaintiff testified at the hearing, and was represented by William Arnett. [Tr. 27-54]. The ALJ also heard testimony from vocational expert Leah Salyers. [Tr. 27-54]. ALJ Buel denied Plaintiff's claim for benefits in a written decision dated October 29, 2012. [Tr. 10]. In evaluating Plaintiff's claim, the ALJ applied the five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520; 416.920 to determine that she was not disabled.

At the first step, the ALJ considered the Plaintiff's work activity and found that the Plaintiff had not engaged in substantial gainful activity since the date of her application for benefits. [Tr. 15]. At the second step the ALJ considered the severity of the Plaintiff's medical impairments and found that the Plaintiff has the following severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine and degenerative joint disease of the right knee. [Tr. 15]. At step three, the ALJ examined whether the Plaintiff's impairments met one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 and found that the Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments. [Tr. 16].

Before proceeding to the fourth step, the ALJ found that Plaintiff's impairments left her with the residual functional capacity ("RFC") to perform light work. Light work is defined as work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. A job in this category can involve a good deal of walking or standing or it may involve sitting most of the time with some pushing and pulling of arm or leg controls. 20

C.F.R. § 404.1567(b). In addition to being able to perform light work the ALJ determined that the Plaintiff can frequently climb ramps or stairs and only occasionally kneel, stoop, crouch, crawl, and climb ladders, ropes, or scaffolds. [Tr. 16].

The fourth step of the analysis is to determine whether the Plaintiff's residual functional capacity would allow her to perform the requirements of her past relevant work. *See* 20 C.F.R. § 404.1565. Past relevant work is defined as work that a person has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for a person to learn to do it. *See* 20 C.F.R. § 404.1560(b)(1). The ALJ determined that the Plaintiff was capable of performing relevant past work as a product packager. [Tr. 18]. Because the ALJ found the Plaintiff had the capacity to do relevant past work he did not proceed to the fifth step of determining whether the claimant is able to do any other work considering her residual functional capacity, age, education, and work experience. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act, *See* 20 C.F.R. §§ 404.1520(f). [Tr. 28].

Following the adverse decision of the ALJ, the Plaintiff properly exhausted her administrative remedies by appealing to the Social Security Appeals Council. [Tr. 8-9]. On appeal, the Appeals Council affirmed the ALJ's decision. [Tr. 1-4]. On January 24, 2014, the Plaintiff initiated the present action by filing her Complaint in the United States District Court for the Eastern District of Kentucky. [Record No. 1]. In her Motion for Summary Judgment, the Plaintiff argues for the reversal of the ALJ's decision based on the Commissioner's failure to support his findings with substantial evidence as required by 42 U.S.C. § 405(g). [Record No. 15-1]. The Commissioner responds that the ALJ's decision should be affirmed, as it was reached applying the proper standards and was supported by substantial evidence. [Record No. 16]. This matter, with the parties' consent,

3

was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. [Record No. 12].

### III . STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (citations omitted). The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth, 402 F.3d at 595 (citations omitted). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir.1994) (citations omitted).

### IV. ANALYSIS

The Plaintiff presents four arguments on appeal, which can be succinctly stated as follows:

1. The ALJ erred by failing to find that Kilgore's mental impairments were severe, and by failing to include restrictions in his Residual Functional Capacity for Kilgore's mental impairments;

2. The ALJ found that Kilgore's degenerative disc disease of the cervical spine was a severe impairment, but erred when he failed to include restrictions for the condition in his assessment of her Residual Functional Capacity;

3. The ALJ failed to follow federal regulations when giving weight to the opinions of treating physicians.

[R. 13-1 at 2-3]. For the reasons discussed below, each of these arguments is without merit, and the decision of the ALJ will therefore be affirmed.

**1.  The ALJ erred by failing to classify the Plaintiff's mental impairments as severe, and by failing to include restrictions in his Residual Functional Capacity for Kilgore's mental impairments.**

In her instant Motion for Summary Judgment, Kilgore argues that, "the ALJ erred in failing to consider Ms. Kilgore's mental impairments as severe impairments, when there are two treating physician mental RFCs and medical records to support the severe impairment." [Record No. 15-1]. The Plaintiff specifically takes issue with, "[t]he ALJ found that there have been no findings of memory or concentration deficits and no difficulty with thought process. The ALJ went on to find there have been no records indicating difficulty interacting with others." [Record No. 15-1]. In opposition, the Commissioner argues that the ALJ reasonably weighed the opinion evidence and found that the Plaintiff did not meet her burden to show a severe mental impairment; and, in any event, the ALJ's finding in step four of the sequential process that Plaintiff could do her past unskilled work as a product packager accounted for all of Plaintiff's credible limitations in mental functioning. [Record No. 16].

5

At step two of the sequential evaluation the claimant bears the burden of showing a severe impairment. Bowen v. Yuckert, 482 U.S. 137, 146 (1987). In order to meet this burden, the claimant must demonstrate a medically determinable impairment that significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404,1508, 404.1521.

Contrary to the Plaintiff's assertion, the ALJ did in fact consider all of the Plaintiff's symptoms including mental impairments, however he did not find that they constitute severe impairments. As required, the ALJ made a finding specific to each one of these issues in his decision.

> The claimant alleges disability due to depression. The record shows the claimant receives treatment, both medication and counseling, for a mood disorder. The treatment notes show the claimant's mood has been stable, with emotional responses to familial issues and complaints of pain. The claimant has not shown any deficits in concentration or memory during evaluation, and she has maintained normal thought processes and perceptions. The claimant testified she prepares simple meals, cares for her personal needs, and helps her children with homework. Treatment records show the claimant folds laundry, goes on family vacations, travels with her mother, and attends her child's ball games.
>
> The claimant's treating medical health providers opined the claimant would have fair to poor abilities to function mentally. In support, the providers stated the claimant is focused on her pain and limitations, experiences crying spells, and has a depressed affect. These opinions are not supported by the treatment records, which show no findings of memory or concentration deficits and no difficulty with thought processes. There have been no records indicating difficulty interacting with others. As these assessments are not supported by objective medical findings, the undersigned has given the same no weight. The claimant testified that the doctor had not seen her.
>
> The state agency consultant opined the claimant did not have a severe mental impairment. The undersigned agrees, as the overall medical record shows the claimant, as a result of an affective disorder, experiences mild restriction of activities of daily living; mild difficulty maintaining social functioning; mild difficulty maintaining concentration, persistence or pace; and has not experienced an episode of deterioration or decompensation.

[Tr. 15-16] (internal citations omitted).

Given the conflicting evidence in the record, the ALJ's decision not to consider these impairments severe was supported by substantial evidence. The ALJ determined the Plaintiff not to be fully credible in her testimony. In his decision he stated,

> The undersigned finds the claimant credibility to be only fair. The claimant testified she does not do laundry or attend her son's ball games; yet, the treatment record shows the claimant reported folding laundry to the physical therapist and told her mental health provider she sits in her car and watches her son's ball games. The claimant also testified she stays home, but the record shows she went on a family vacation to Florida in April 2011 and she traveled with her mother in January 2012. The claimant has not been compliant with physician therapy even though she has reported improvement following sessions. The overall record indicates the claimant is capable of more activity than she testified she is able to maintain.

[Tr. 18] (internal citations omitted).

All of this conflicting testimony was sufficient for the ALJ to make a finding that the Plaintiff was not fully credible. As previously stated, the ALJ is not required to accept a claimant's testimony regarding limitations and pain when such testimony is not supported by the record. Gooch v. Sec'y of Health & Human Servs., 833 F.2d 589 592 (6th Cir. 1987). The ALJ's decision that the Plaintiff's testimony regarding limitations and pain were not supported by the record was based on substantial evidence, and therefore the Plaintiff's claim is without merit. As a result, the ALJ's failure to include restrictions in the RFC due to the Plaintiff's mental impairments was not in error. The Plaintiff claims that if the ALJ had included all of the Plaintiff's restrictions and limitations in the RFC, then the Plaintiff would not have been able to perform her past work, and the ALJ would have proceeded to step five of the sequential evaluation process. [Record No. 15-1]. However, the ALJ's decision finding that Plaintiff's mental impairments were not severe was based on substantial evidence, and his Residual Functional Capacity, as assessed without any restrictions for mental impairment was based on substantial evidence there was no error at step four of the

7

sequential process and therefore this claim is without merit.

>   2.  **The ALJ found that Kilgore's degenerative disc disease of the cervical spine was a severe impairment, but erred when he failed to include restrictions for the condition in his assessment of her Residual Functional Capacity**.

The Plaintiff argues that "the ALJ erred when assessing Ms. Kilgore has the severe impairment of degenerative disc disease of the cervical spine, but failed to place restrictions for this impairment in the Residual Capacity Form." [Record No. 15-1]. Specifically, the Plaintiff claims "given all the substantial evidence, and the fact that Ms. Kilgore even underwent occipital nerve blocks, the ALJ should have included restrictions and limitations in the RFC to support Ms. Kilgore's cervical impairments, for her neck pain, shoulder, and arm and hand pain." [Record No. 15-1].

In deciding whether to affirm the Commissioner's decision, "it is not necessary that this Court agree with the Commissioner's finding, as long as it is substantially supported in the record." Beinlich v. Comm'r of Soc. Sec., 345 F. App'x 163, 167 (6th Cir. 2009). "Even if this Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence. Kyle v. Comm'r of Soc. Sec., 609 F.3d 847, 854-55 (6th Cir. 2010). Here, the Plaintiff is essentially asking the Court to weigh the evidence differently to support a finding of disability. As stated above, this is not the Court's role in substantial evidence review.

The ALJ made a determination that the Plaintiff's degenerative disc disease was a severe impairment. [Tr. 15]. In terms of the Plaintiff's RFC, the ALJ found: "The claimant is capable of performing past relevant work as a product packager. This work does not require the performance

8

of work related activities precluded by the claimant's residual functional capacity." [Tr. 18]. The ALJ found that Plaintiff's impairments left her with the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and that she can frequently climb ramps or stairs and only occasionally kneel, stoop, crouch, crawl, and climb ladders, ropes, or scaffolds. [Tr. 16]. The ALJ found that the Plaintiff has a history of treatment for thoracic and cervical pain and underwent C5/C6 anterior cervical discectomy and fusion in June 2010. [Tr. 17]. Following her neck surgery, the Plaintiff underwent physical therapy. [Tr. 17]. Physical therapy ceased in November 2010 because the Plaintiff returned to work. [Tr. 17]. The Plaintiff continued to seek treatment in December 2010 but therapy was unable to progress because of the Plaintiff's poor attendance. [Tr. 17]. The ALJ also found that the majority of the examinations following neck surgery have been normal or shown few abnormalities: "Most examinations show normal findings, while others report mild tenderness over the cervical spine with limited but painless range of motion, and limited but painless range of motion in the lumbar spine." [Tr. 17-18].

As previously stated, the ALJ found that the Plaintiff was not fully credible due to her contradicting testimony and failure to comply with recommended treatments for her ailments. [Tr. 18]. An ALJ must consider inconsistencies, including conflicts between a claimant's statements and the medical record. *See* 20 C.F.R. § 404.1529(c)(4). Furthermore, "discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimants testimony, and other evidence." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997). The state agency's medical consultant found that the Plaintiff could perform a range of light work. [Tr. 16, 65-77]. The ALJ gave great weight to opinions expressed by the state agency's medical consultant because it was consistent with the overall medical record, including subsequently

9

submitted treatment notes. Based on this analysis, the ALJ's decision to formulate a residual functional capacity that did not include restrictions due to the Plaintiff's cervical disc disease was based on substantial evidence and the Plaintiff's claim is without merit.

### 3. The ALJ failed to follow federal regulations when giving weight to the opinions of treating physicians.

The Plaintiff's final argument is that the ALJ failed to follow federal regulations when giving weight to opinions and further failed to give adequate reasons for discounting the treating physicians' mental RFCs. [Record No. 15-1]. Specifically the Plaintiff argues that the ALJ gave no weight to two treating physician RFCs, both of which are specialists.

Generally, under the treating physician rule, the ALJ will give a treating source's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). Even so, "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p, "Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions,"1996 WL 374188 at *2, 1996 SSR LEXIS 9 at *5 (SSR 1996). The Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir. 1993).

Importantly, in cases where the ALJ declines to give a treating source's opinion controlling

weight, however, he must balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004)( *citing* 20 C.F.R. § 404.1527(d)). In addition, the ALJ has a duty to provide good reasons in the decision for the weight given to a treating source's opinion. 20 C.F.R. § 404.1527(d)(2). "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Cole, 661 F.3d at 938 *(quoting* SSR 96-2p, 1996 SSR LEXIS 9 at *11-12, 1996 WL 374188 at *5).

Here, the ALJ's decision regarding the weight given to the treating physicians was supported by substantial evidence. The ALJ considered the medical opinions of psychiatrists Dr. Scott Lance, MD and Dr. Jack Borders, MD, and psychologist Dr. Sarah Williams, PsyD, all of Regional Psychotherapy, Inc., in Ashland, Kentucky. However, the ALJ reasonably found that the opinions of these treating physicians were inconsistent with the treatment record, which, as previously discussed, did not show findings of memory or concentration deficits and no difficulty with thought process. [Tr. 16; *see* Tr. 546-47, 660-61, 663, 783, ]. As previously explained, an ALJ is only required to give the treating physicians' opinions great weight if they are supported by sufficient clinical findings and are consistent with the evidence. Bogle, 998 F.2d 342 at 347-48. The ALJ decision was correct in that the opinions of the treating physicians were inconsistent with the record. The ALJ found that the treatment records show no difficulty interacting with others, as the mental health providers claimed. [Tr. 16]. The ALJ also stated that the Plaintiff explained that the treating

11

physicians had not seen her, rather she was examined by a nurse practitioner, Leia Meenach, ARNP. [Tr. 16; *see* Tr. 50-51]. This finding that the Plaintiff was not personally examined by Dr. Borders or Dr. Lance is consistent with both the medical records and the Plaintiff's testimony. [Tr. 50-51, Tr. 781-794]. The Plaintiff testified that Dr. Borders and Dr. Lance are in the same office as Ms. Meenach, but neither of them personally examined her. [Tr. 51]. The Plaintiff also stated that Ms. Meenach's exam reports were cosigned by Dr. Borders and that Dr. Lance was the physician who prescribed her pain medication. [Tr. 51; *see* Tr. 733, 734, 737]. Based on these findings the ALJ's conclusion not to give controlling weight to the treating physicians' opinions was supported by the record and based on substantial evidence and therefore this claim is without merit.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that the Plaintiff's Motion for Summary Judgment [Record No. 15] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [Record No. 16] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Signed November 3, 2014.



Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge